IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3294-FL

| | |
|---|---|
| DUANE LEROY FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MR. FUTRELLE, M. MAGANA, A. ) | |
| DAUGHETY, DR. BYRD, DR. OWENS, ) | |
| OFFICER MILEY, SGT. JACKSON, ) | |
| OFFICER LINDSEY, OFFICER ) | |
| RICJARDSON, MS. COLLENS, MS. ) | |
| HACKET, MR. DANILES, FINESSE G. ) | |
| COUCH, and JOHN DOES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions to appoint counsel (DE 4) and for a preliminary injunction (DE 11). The issues raised are ripe for adjudication.

A.    Motion to Appoint Counsel

Plaintiff moves the court to appoint him counsel to assist with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v.

U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where she has demonstrated through the detail of her filings she is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.   Motion for Preliminary Injunction

The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

2

Here, plaintiff has not demonstrated that she likely is to succeed on the merits, nor has she alleged facts necessary to demonstrate that she likely would suffer irreparable harm if her motion is not granted. Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __U.S.__, 132 S.Ct. 1510, 1517 (2012) (indicating that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities" and that "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters") (quotation marks and citation omitted). Accordingly, plaintiff has not demonstrated that her request for a temporary restraining order is in the public interest or that the balance of equities tips in her favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

C.  Review Pursuant to 28 U.S.C. § 1915(e)(2)(B)

The court now conducts a review of plaintiff's complaint and first amended complaint (DE 13), pursuant to § 1915(e)(2)(B). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a

3

claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

1. John Doe defendants

Plaintiff names several John Does defendants in her complaint. The Fourth Circuit Court of Appeals has held that "the designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Chidi Njoku v. Unknown Special Unit Staff, No. 99-7644, 2000 WL 903896, at *1 (4th Cir. July 7, 2000). Here, plaintiff offers only vague descriptions of the John Doe defendants. As a result, the court finds it appropriate to dismiss John Doe defendants at this time. Should plaintiff discover the identity of the John Does at a later date, she may then file a motion to amend her complaint to include such parties.

2. First Amendment and RLUIPA claims

Plaintiff contends that defendants Collens, Hackett, Daniles, and Couch are violating her religious rights. For example, plaintiff asserts that she is given "inadequate time to practice [her] religion" and she is not permitted to conduct worship services outside, despite the fact that other faiths are permitted to do so. (Compl. pp. 11-12). She also contends that she is not provided with a special diet in accordance with her faith. Id. at 14-15.

4

In sum, Plaintiff alleges claims pursuant to both the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. "RLUIPA . . . protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005). Likewise, the Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. Const. Amend. I. The court finds plaintiff's allegations are sufficient to survive frivolity review and ALLOWS plaintiff to proceed with these claims.

3. Deliberate Indifference claims

Plaintiff contends that defendants Futrelle, Magama, Daughety, Byrd, Owens, Miley, Jackson, Lindsey, and Ricjardson have been deliberately indifferent to her serious medical needs. Specifically, plaintiff alleges that she "has what is called 'Gender Identity [Disorder]' ('GID')", and that these defendants "refuse to let her have the [appropriate] treatment." (Compl. pp. 16-18). It does not clearly appear from the face of the complaint that Plaintiff's claims are frivolous. De'lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013) (noting that GID related claims are "sufficiently plausible to survive screening pursuant to 28 U.S.C. § 1915A."). Thus, the court ALLOWS plaintiff to proceed with these claims.

For the foregoing reasons, the court rules as follows:

(1) Plaintiff's motion to appoint counsel (DE 4) is DENIED;

(2) Plaintiff's motion for a preliminary injunction (DE 11) is DENIED;

(3) Plaintiff's claims against the John Doe defendants are DISMISSED WITHOUT PREJUDICE;

5

(4) Plaintiff is ALLOWED to proceed with her action against the remaining defendants;

(5) The clerk of court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights cases. In the event it become necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 14th day of December, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge