IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3294-FL

| | |
|---|---|
| DUANE LEROY FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MR. FUTRELLE, M. MAGANA, A. ) | |
| DAUGHETY, DR. BYRD, DR. OWENS, ) | |
| OFFICER MILEY, SGT. JACKSON, ) | |
| OFFICER LINDSEY, OFFICER ) | |
| RICJARDSON, MS. COLLENS, MS. ) | |
| HACKET, MR. DANILES, FINESSE G. ) | |
| COUCH, and JOHN DOES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's motions to amend (DE 16, 24), motions for a preliminary injunction (DE 25, 28), and motion to amend the caption (DE 38). The issues raised are ripe for adjudication.

A. Motion to Amend

Plaintiff has filed two motions to amend. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial once as a matter of course within 21days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Accordingly, Plaintiff's first motion to amend (DE 16) is GRANTED as a matter of

course.[1] See Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute.") (quotation omitted).

With regard to her second motion to amend (DE 24), plaintiff requires leave of court. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962). In this light, the court first notes that plaintiff's proposed second amended complaint is rambling and disjointed, thereby largely violating Rule 8 of the Federal Rules of Civil Procedure, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).

Specifically, in her second motion to amend, plaintiff seeks to add several new defendants. She also seeks to add several additional demands for injunctive relief. "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell

---

[1] Plaintiff's first motion to amend does not seeks to add any additional defendants, and largely is just an elaboration of her original claims with additional demands for relief.

v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Here, with regard to several proposed new defendants, plaintiff fails to specifically allege their personal involvement or how their conduct injured her. Therefore, these proposed amendments are futile.

Likewise, plaintiff contends that several of the proposed new defendants retaliated against her because she identifies as transgender. Claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. Adams v, Rice, 40 F.3d 72, 75 (4th Cir. 1994). Additionally, a plaintiff must allege specific facts supporting the claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension. Adams, 40 F.3d at 74–75. Here, plaintiff's conclusory allegations are insufficient to allege a constitutional violation, and therefore her request to amend her complaint to add a retaliation claim is futile. Adams, 40 F.3d at 74.

Similarly, plaintiff asserts several individuals have verbally harassed her because she identifies as transgender. However, the law is clear that "mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." Henslee v. Lewis, 153 F. App'x. 178, 180 (4th Cir. 2005); see also, Harris v. Green, No. DKC-12-434, 2013 WL 718868, at *4 (D. Md. Feb. 26, 2013) (finding verbal abuse of pretrial detainee did not constitute a constitutional violation); Capers v. Preston, No. 3:10CV225-MU02, 2010 WL 2015274, at *2 (W.D.N.C. May 19, 2010) ("Plaintiff further alleges that [defendant prison guard] told him that he was not going to get out of prison and that someone was going to kill Plaintiff. As troubling as

3

[defendant's] prognostication for Plaintiff's future may be, such conduct still does not rise to the level of violating Plaintiff's constitutional rights. On the contrary, the law is clear that verbal abuse of inmates by guards, without more, does not state a claim for relief. Nor do verbal harassment or idle threats to an inmate even if they cause an inmate fear or emotional anxiety constitute a violation of any constitutional rights.") (internal citations, ellipses, and quotation marks omitted). Thus, this proposed amendment is also futile.

Furthermore, plaintiff seeks to amend her complaint to include claims alleging that prison officials inappropriately handled several grievances she filed. Plaintiff, however, does not have a constitutional right to have available or to participate in an effective grievance process. See Adams, 40 F.3d at 75; see also, Oliver v. Myers, No. 5:7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Further, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75; see also, Bradley v. Wheeler, No. 1:09cv371, 2009 WL 2634753, *4 (E.D. Va. Aug. 25, 2009). Accordingly, any proposed amendments relating the grievance process are futile.

However, plaintiff also asserts that Dr. Clarence O. Ellis was deliberately indifferent to her serious medical needs. This claim is not futile, and will be allowed to proceed. Likewise, plaintiff will be permitted to proceed with her amended demands for relief.

In sum, plaintiff's first motion to amend is GRANTED as a matter of course. Plaintiff's second motion to amend is GRANTED in part and DENIED in part. Specifically, plaintiff's motion

4

to amend is GRANTED to the extent she seeks to add Dr. Ellis as a defendant to this action, and to the extent she amends her demand for relief. The Clerk of Court is directed to add Dr. Ellis as a defendant to this action, and, in the event it becomes necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d). In all other respects plaintiff's second motion to amend is DENIED as futile.

B.  Motion for Preliminary Injunction

Plaintiff previously filed a motion requesting injunctive relief on December 3, 2015, which was denied. In the instant motions, plaintiff renews that request. As before, the court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[2] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

---

[2] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

Here, plaintiff has not demonstrated that she likely is to succeed on the merits, nor has she alleged facts necessary to demonstrate that she likely would suffer irreparable harm if her motion is not granted. Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __U.S.__, 132 S.Ct. 1510, 1517 (2012) (indicating that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities" and that "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters") (quotation marks and citation omitted). Finally, plaintiff has not demonstrated any substantive change in circumstances since the original denial of her request for injunctive relief. Accordingly, plaintiff has not demonstrated that her request for a temporary restraining order is in the public interest or that the balance of equities tips in her favor. Accordingly, plaintiff's motions for a temporary restraining order are DENIED.

C. Motion to Amend Caption

Finally, plaintiff has submitted several pages of documents and various forms, in which it appears that she is requesting to amend her name as it appears in the caption of this case from "Duane LeRoy Fox" to "Jennifer Ann Jasmaine" (DE 38). This request is GRANTED, and the Clerk of Court is DIRECTED to amend the caption in this matter to reflect plaintiff's name as "Jennifer Ann Jasmaine."

In sum, the court rules as follows:

(1) Plaintiff's first motion to amend (DE 16) is GRANTED;

6

(2) Plaintiff's second motion to amend (DE 24) is GRANTED in part and DENIED in part. Specifically, plaintiff is permitted to proceed with her claims against Dr. Ellis and with her amended claims for relief. In all other respects plaintiff's second motion to amend is DENIED as futile. The Clerk of Court is directed to add Dr. Clarence O. Ellis as a defendant to this action, and, in the event it becomes necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d);

(3) Plaintiff's motions for a preliminary injunction (DE 25, 28) are DENIED; and

(4) Plaintiff's motion to amend the caption in this matter (DE 38) is GRANTED. The Clerk of Court shall is DIRECTED to amend the caption in this matter to reflect plaintiff's name as "Jennifer Ann Jasmaine."

SO ORDERED, this the 1st day of March, 2016.

*(signature)*

_____
LOUISE W. FLANAGAN
United States District Judge