IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3294-FL

| | | |
|---|---|---|
| JENNIFER ANN JASMAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MR. FUTRELLE, M. MAGANA, A. DAUGHETY, DR. BYRD, DR. OWENS, OFFICER MILEY, SGT. JACKSON, OFFICER LINDSEY, OFFICER RICJARDSON, MS. COLLENS, MS. HACKET, MR. DANILES, FINESSE G. COUCH, and JOHN DOES, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for a frivolity review of plaintiff's particularized complaint pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions for copies (DE 98, 100). The issues raised are ripe for adjudication.

A.     Frivolity Review

On November 12, 2015, plaintiff filed a complaint in which she alleged that defendants were violating her religious rights and were also deliberately indifferent to her serious medical needs. Specifically, plaintiff alleges that she "has what is called 'Gender Identity [Disorder]' ('GID')", and that these defendants "refuse to let her have the [appropriate] treatment." (Compl. pp. 16-18). Citing De'lonta v. Johnson, 708 F.3d 520 (4th Cir. 2013), the court determined that plaintiff's claims survived frivolity review. (December 15, 2015 Order (DE 14)). After the initial review of her

complaint, plaintiff filed numerous amendments to her claims, as well are numerous requests for injunctive relief which elaborated upon her core claim (DE 11, 16, 24, 25, 51, 57, 60, 69). Many of plaintiff's proposed amendments were dismissed as futile, and her requests for injunctive relief have consistently been denied. (See, e.g., March 1, 2016 Order (DE 48)). In addition to their futility, many of plaintiff's proposed amendments named defendants without specifically alleging their personal involvement or describing how their conduct injured her. In this posture, the court determined that "plaintiff's allegations, as they are now comprised, are rambling and disjointed, thereby largely violate Rule 8 of the Federal Rules of Civil Procedure." (May 20, 2016 Order (DE 89) at 2). Accordingly, plaintiff given the following instructions:

> plaintiff is directed to particularize her allegations by filing one amended complaint specifically stating the injury stemming from defendants' actions or inactions and the alleged facts to support her claim. Plaintiff further is on notice that she must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Finally, plaintiff is on notice that any amended pleading will constitute the complaint in its entirety, and the court will not comb her previous filings to glean any misplaced claims.

(Id. at 2-3). Plaintiff has since filed her particularized complaint, and the court notes that plaintiff's particularized claims remain rambling and disjointed. Likewise, despite the entry of several court orders explaining why certain claims lack merit, plaintiff continues to re-assert them. Thus, plaintiff has arguably failed to comply with the directives of this court. Likewise, her particularized complaint still arguably fails to comply with Rule 8. Regardless, the court now conducts a frivolity review of the claims contained in plaintiff's particularized complaint.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual

2

deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

1. Deliberate Indifference

Plaintiff asserts that defendants Futrelle, Owens, Byrd, Daughety, and Daniels are deliberately indifferent to her serious medical need of GID. (Am. Compl. (DE 99) at 11-13, 15, 17, 28-34, 37-48, 50-74, 86-91). As the court noted in its initial review of plaintiff's original complaint, these allegations are sufficient to survive frivolity review. De'lonta, 708 F.3d at 526 (noting that GID related claims are "sufficiently plausible to survive screening pursuant to 28 U.S.C. § 1915A."). Accordingly, the clerk of court is directed to continue management of plaintiff's deliberate indifference claims.

2. First Amendment and RLUIPA claims

Plaintiff contends that defendants Hackett and Daniels are violating her religious rights, alleging claims pursuant to both the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. (Am. Compl. (DE 99) at 13, 18-19, 22-28, 82-85). "RLUIPA

3

. . . protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721 (2005). Likewise, the Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. Const. Amend. I. The court finds plaintiff's allegations are sufficient to survive frivolity review and ALLOWS plaintiff to proceed with these claims.

3. Grievance and PREA related claims

Plaintiff contends that defendants improperly handled her administrative grievances. (Am. Compl. (DE 99) at 13, 15). However, plaintiff does not have a constitutional right to have available or to participate in an effective grievance process. See Adams, 40 F.3d at 75; see also, Oliver v. Myers, No. 7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Further, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75; see also, Bradley v. Wheeler, No. 1:09cv371, 2009 WL 2634753, *4 (E.D. Va. Aug. 25, 2009).

Plaintiff also argues defendants violated the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 et seq. (Am. Compl. (DE 99) at 16, 92). However, "[n]othing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." De'lonta v. Clarke, No. 7:11-CV-00483, 2012 WL 4458648, at *3 (W.D. Va. Sept. 11, 2012) (unpublished) (collecting cases), appeal dismissed, 502 F. App'x 265 (4th

4

Cir. 2012) (per curiam) (unpublished). Moreover, a violation of a prison policy that does not result in a constitutional violation does not give rise to a claim under section 1983. See, e.g., Danser v. Stansberry, 772 F.3d 340, 348 (4th Cir. 2014); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (per curiam) (unpublished). Accordingly, plaintiff's grievance and PREA related claims are DISMISSED.

    4.    Verbal Harassment

Plaintiff contends that defendants verbally harassed her (Am. Compl. (DE 99) at 15-16). However, the law is clear that "mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." Henslee v. Lewis, 153 F. App'x. 178, 180 (4th Cir. 2005); see also, Harris v. Green, No. DKC-12-434, 2013 WL 718868, at *4 (D. Md. Feb. 26, 2013) (finding verbal abuse of pretrial detainee did not constitute a constitutional violation); Capers v. Preston, No. 3:10CV225-MU02, 2010 WL 2015274, at *2 (W.D.N.C. May 19, 2010) ("Plaintiff further alleges that [defendant prison guard] told him that he was not going to get out of prison and that someone was going to kill Plaintiff. As troubling as [defendant's] prognostication for Plaintiff's future may be, such conduct still does not rise to the level of violating Plaintiff's constitutional rights. On the contrary, the law is clear that verbal abuse of inmates by guards, without more, does not state a claim for relief. Nor do verbal harassment or idle threats to an inmate even if they cause an inmate fear or emotional anxiety constitute a violation of any constitutional rights.") (internal citations, ellipses, and quotation marks omitted). Accordingly, plaintiff's claims that she has been verbally abused are DISMISSED.

5. Sexual Assault

Plaintiff contends that defendant Miley fondled her breast and touched her inappropriately during a pat-down search. (Am. Compl. [DE-99] at 17). Plaintiff does not state when this incident occurred, nor does she provide any other specific details. She merely states, with no further elaboration, the defendant Miley "didn't use the back his palm on her breast" during the pat-down search (Id.).

"[S]exual or other assaults are not a legitimate part of a prisoner's punishment, and the substantial physical and emotional harm suffered by a victim of such abuse are compensable injuries" under the Eighth Amendment. See Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998). To be actionable, the alleged sexual contact must be incompatible with "contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32 (1993). The plaintiff, additionally, must allege facts beyond merely her "own perceptions" to demonstrate "that the unwanted sexual touching had some sexual aspect to it." See Wolf v. Cooper, No. 8:08-CV-869, 2009 WL 2929438, at *3 (D.S.C. Sept. 2, 2009); see Berryhill, 137 F.3d at 1076–77 (finding that civilian maintenance worker's brief touch to inmate's buttocks and not accompanied by any sexual comments or banter was not actionable as a sexual assault claim under § 1983); Hughes v. Smith, 237 F. App'x 756, 759 (3d Cir. 2007) (finding no Eighth Amendment violation arising from allegation that correctional officer, who had previously made sexual comments to the plaintiff inmate, allegedly touched plaintiff's testicles through his clothing during a single pat-down frisk) (citation omitted); Jackson v. Madery, 158 F. App'x 656, 661-62 (6th Cir. 2005) (finding allegation of rubbing and grabbing of inmate's buttocks in a degrading manner did not amount to an Eighth Amendment violation); see also, Ellis v. Elder, No. 7:08-cv00642, 2009 WL 275316, at *3 (W.D. Va. Feb. 4, 2009) ("In stating

6

such a claim, however, the inmate must allege facts on which he could prove that the unwanted touching had some sexual aspect to it; his own perceptions alone that the contact was of a sexual nature are not sufficient."). Finally, isolated incidents of inappropriate touching in the prison context generally do not violate the Eighth Amendment. See Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997) ("[I]solated episodes of harassment and touching . . . are despicable . . . But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.") (citing Farmer, 51 U.S. at 833-844).

In this case, plaintiff has not alleged that defendant Miley's pat-down had any sexual aspect to it or that defendant Miley intended the contact to be sexual. Further, the single touching of plaintiff's breast in the course of a pat-down search is not sufficient to state a claim. Id. Plaintiff's allegations fail to state a viable claim, and, therefore, her claim of sexual abuse is DISMISSED without prejudice. May v. Solomon, No. 5:14-CT-3318-FL, 2015 WL 2190880, at *3 (E.D.N.C. May 11, 2015) (dismissing sexual abuse claim during frivolity review), aff'd, 615 F. App'x 828 (4th Cir. 2015).

6. Failure to Protect

Plaintiff also contends that defendants failed to protect her from being "bullied" by other inmates. (Am. Compl. (DE 99) at 75. "[P]rison officials . . . must take reasonable measures to guarantee the safety of the inmates." Farmer, 511 U.S. at 832–33 (internal quotation and citation omitted). A prison official will not be liable for a failure to protect an inmate "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Plaintiff's rambling allegations lack any specificity

7

and fall far short of this standard. Accordingly, plaintiff's claim that defendants failed to protect her from other inmates is DISMISSED without prejudice. See Bradshaw v. Willie, No. 5:16-CT-3011-FL, 2016 WL 1180190, at *2 (E.D.N.C. Mar. 25, 2016) (dismissing failure to protect claim during frivolity review).

    7.    Other Miscellaneous Claims

Finally, as previously noted, plaintiff's particularized filing remains rambling and disjointed. Likewise, despite the entry of several court orders explaining why certain claims lack merit, plaintiff continues to re-assert them. Thus, plaintiff has arguably failed to comply with the directives of this court. Likewise, her particularized complaint still arguably fails to comply with Rule 8.

Therefore, in an abundance of caution, the court also finds that any allegation not specifically addressed herein is speculative, generalized, conclusory, and, ultimately, meritless. Iqbal, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true"); White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (pro se litigant complaints must be liberally construed; however, a minimum level of factual support is required); Little v. Dance, 5:14-CT-3123-FL, [DE-8], p. 4 ("If any of [plaintiff's] allegations are not construed as delusional, they are merely legal terminology and not actionable because the claims have no factual support.").

    8.    John and Jane Doe Defendants

Plaintiff names several John and Jane Does defendants in her particularized complaint. The Fourth Circuit Court of Appeals has held that "the designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Chidi Njoku v. Unknown Special Unit Staff, No. 99-7644, 2000

8

WL 903896, at *1 (4th Cir. July 7, 2000). Moreover, plaintiff has previously been notified that such designations are disfavored. (December 15, 2015 Order (DE 14) at 4). Here, as before, plaintiff offers only vague descriptions of the John and Jane Doe defendants and their specific actions. As a result, the court finds it appropriate to dismiss all John and Jane Doe defendants.[1]

B.   Motions for Copies

Plaintiff requests that the court provide him a copy of her particularized complaint (DE 98, 100). As a one time courtesy, these motions are ALLOWED, and the clerk of court is directed to provide plaintiff with a copy of her particularized complaint (DE 99).[2]

## CONCLUSION

Based on the foregoing, the court orders as follows:

(1)   The clerk of court is DIRECTED to continue management of plaintiff's deliberate indifference claims against defendants Futrelle, Owens, Byrd, Daughety, and Daniels;

(3)   The clerk of court is DIRECTED to continue management of plaintiff's First Amendment and RLUIPA claims against defendants Hacket and Daniels;

(4)   Plaintiff's claims relating to the grievance process and PREA are DISMISSED;

(5)   Plaintiff's claims alleging that she was verbally abused are DISMISSED;

---

[1] To the extent plaintiff requests that the court identify these individuals for her (DE 98), that request is DENIED. Plaintiff has been given numerous opportunities to amend her complaint and her description of these individuals as well as their specific actions remain too vague for this court to take any further action.

[2] As noted above, plaintiff also requests that the court identify the John and Jane Doe defendants. For the reasons previously stated, that request is DENIED.

(6) Plaintiff's claim alleging she was sexually assaulted by defendant Miley is DISMISSED without prejudice;

(7) Plaintiff's claim that defendants failed to adequately protect her from other inmates is DISMISSED without prejudice;

(8) Any other claim not specifically addressed herein is DISMISSED without prejudice as speculative, generalized, conclusory, and, ultimately, meritless;

(9) Plaintiff's claims against the John and Jane Doe defendants are DISMISSED without prejudice; and

(10) Defendants Magana, Jackson, Lindsey, Ricjardson, Collens, Miley, and Couch, are DISMISSED without prejudice from this action because plaintiff has not stated any viable claim against them;

(11) Plaintiff's motions for copies (DE 98, 100) are ALLOWED as a one time courtesy, and the clerk of court is directed to provide plaintiff with a copy of her particularized complaint (DE 99);

(12) Although several defendants have already answered plaintiff's complaint, in this procedural posture the remaining defendants are directed to file an amended answer or otherwise respond to plaintiff's particularized complaint no later than 21 days after they have been served with this order; and

(13) An initial order will follow.

SO ORDERED, this the 2nd day of March, 2017.

LOUISE W. FLANAGAN
United States District Judge